IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

**CODY H.** [1]

Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

Defendant.

Civ. No. 1:25-cv-00187-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Cody H. challenges the Commissioner's final decision denying his supplemental security income application arguing that the Administrative Law Judge (ALJ) erred by improperly (1) discounting his symptom testimony, (2) discounting his mother's and his significant other's lay witness testimonies, (3) analyzing the medical opinions of Janet Moret, LAc, and Laurie Otte, MSN, FNP, and (4) failing to account for all of Plaintiff's limitations in his residual functional capacity (RFC). (Pl.'s Br. at 2-21, ECF 11.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence. *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

applied, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

**A.** ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to identify specific, clear and convincing reasons for discounting his symptom testimony. (Pl.'s Br. at 3-9.) *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (holding if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony). According to Plaintiff, the ALJ improperly discounted his symptom testimony on the basis his testimony was unsupported by objective medical evidence and without identifying what testimony was discounted and for what rationale. The court agrees in part.

The ALJ did not, as Plaintiff alleges, disregard his testimony solely because his symptom testimony was unsupported by the objective medical evidence. Tr. 17-19. In addition to discounting Plaintiff's testimony due to normal medical imaging, normal gait and station, and normal strength and range of motion, the ALJ also discounted Plaintiff's testimony due to improvement with treatment. Tr. 18-19, citing Tr. 1186, 1216-17, 1296, 1575, 1583, 1589, 1593.

For example, the ALJ cited Plaintiff's positive response to chiropractic adjustments and pain relief from pain medication to support their finding Plaintiff's symptoms were not as limiting as he alleged. Tr. 18-19, citing Tr. 903 ("The patient reports feeling better for a few days after the last treatment . . . This favorable response is a good sign that the treatment will be effective."), 1583 ("Patient is here for chronic pain management. His Oxycodone is working well for his pain . . . . Not Present – Decreased Range of Motion and Joint Pain.") A claimant's improvement with treatment is "an important indicator of the intensity and persistence of . . . symptoms." 20 C.F.R. § 404.1529(c)(3). And "[i]mpairments that can be controlled effectively

with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff's alternative interpretation of the record provides no basis for disturbing the ALJ's decision. *See Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017) (citing *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.")

Nevertheless, Plaintiff is correct to argue the ALJ failed to adequately identify what aspects of his testimony was not credible and what evidence undermined that testimony. Pl. Br. at 6-9, citing, *e.g.*, *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.") A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt*, 53 F.4th at 499.

In both Plaintiff's original March 2022 hearing and his more recent July 2024 hearing, he testified he required an assistive device, either a cane or forward wheeled walker, to stand or walk. Tr. 71-77, 50-52. At his original hearing, Plaintiff testified he required an assistive device due to "chronic back pain and difficulty balancing." Tr. 71. He explained how he had serious balance issues, had multiple hospital visits due to falls, was assessed to be a fall risk, and was instructed to use a front wheeled walker and shower chair. *Id.* Plaintiff testified he had one "hard

fall" at least once a month. Tr. 76. He testified he used his walker daily for balance, both when standing still and when walking. Tr. 76-77. At his more recent hearing, Plaintiff testified he relied on using his cane daily for support and stability and his walker at least once or twice a week. Tr. 51-52. He also explained how his medication made him dizzy and fatigued. Tr. 50.

The Commissioner argues "[t]he ALJ also rejected Plaintiff's allegation that he required a cane for *all* standing and walking." Def. Br., 6-8, ECF 13. However, the ALJ did not clearly reject Plaintiff's testimony as the Commissioner alleges. *See* Tr. 17-21. Other than noting Plaintiff's testimony that he used a cane or walker, and then discounting Plaintiff's testimony generally, the ALJ did not provide a rationale for discounting Plaintiff's testimony he required an assistive device. Tr. 17-18. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). Notably, the record Commissioner cites in support of their assertion that the ALJ "provided valid reasons, grounded in the record, to reject Plaintiff's . . . claim that he required an assistive device for *all* standing and walking" did not mention Plaintiff's need for an assistive device. Def. Br. at 7, citing Tr. 18-19.

Although the Commissioner identified and addressed Plaintiff's need for an assistive device, the ALJ did not. *See* Tr. 17-19. The court "may review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Trevizo*, 871 F.3d at 675 (citing *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)).

Thus, the ALJ erred in evaluating Plaintiff's symptom testimony because the ALJ did not provide a clear and convincing reason, supported by substantial evidence, for discounting Plaintiff's need of an assistive device.

**B.** ***Lay Witness Evidence.*** Plaintiff contends the ALJ erred when analyzing his mother's lay witness testimony and his significant other's lay witness testimony by improperly relying on "only the most recent medical evidence" to discount their testimonies. Pl.'s Br. at 20. The Commissioner responds by arguing the ALJ was not required to discuss how the ALJ evaluated the lay witness testimonies, and regardless, the ALJ supported his analysis of the lay witness testimonies with substantial evidence. Def.'s Br. 12-13, ECF 13. The ALJ did not err in analyzing the lay witness testimonies because they supported their conclusions with substantial evidence. Tr. 20.

Lay testimony concerning a claimant's symptoms or how an impairment affects their ability to work is competent evidence an ALJ must take into account. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2009) (citation and internal quotation omitted). The ALJ must provide "reasons germane to each witness" to reject such testimony. *Id.* (citation and internal quotation omitted).

Here, the ALJ summarized Plaintiff's mother's testimony before concluding her testimony was inconsistent with recent medical records. Tr. 20. Next, the ALJ summarized Plaintiff's significant other's testimony before concluding her testimony was also inconsistent with recent treatment notes and a restriction to light work reasonably addressed the "intermittent gastrointestinal symptoms" she noted. Tr. 20.

Plaintiff cites *Smith v. Kijakazi* to support his contention the ALJ erred in relying on Plaintiff's more recent treatment notes to discount evidence relating to Plaintiff's functioning throughout the adjudicatory period. *See* Pl. Br. at 20, citing *Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th Cir. 2021). Plaintiff errs to rely on this case law as support for this argument because the relevant portion of *Smith* Plaintiff cited concerns an ALJ's analysis of subjective symptom

testimony and not lay witness testimony. *See Smith*, 14 F.4th at 1113. Unlike subjective symptom testimony that requires an ALJ provide clear and convincing reasons to discount, analysis of lay witness testimony does not require that higher standard and level of analysis. As explained above, the ALJ must only provide reasons germane to each witness supported by substantial evidence to articulate their analysis of lay witness testimony.

Because the Plaintiff's argument does not apply the proper legal standard, and the ALJ supported their conclusion with substantial evidence, the ALJ did not err in evaluating the lay witness testimonies. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (holding the court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation.)

**(C)** ***Janet Moret, LAc.*** The regulations require ALJs to evaluate the supportability and consistency of a medical opinion when assessing its persuasiveness. 20 C.F.R. § 404.1520c. ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). Supportability is determined by assessing whether the medical source provides explanations and objective medical evidence to support their opinion. 20 C.F.R. § 404.1520c(c)(1). Consistency is determined by evaluating how consistent the opinion is with evidence from other medical and nonmedical sources in the record. 20 C.F.R. § 404.1520c(c)(2).

On January 15th, 2022, Moret completed a treating source statement assessing Plaintiff's limitations. Tr. 1246-50. Moret opined Plaintiff suffered from neck, shoulder, and thoracic spine pain. Tr. 1247. She stated Plaintiff could, at maximum, sit for thirty minutes and stand or walk for fifteen minutes before experiencing severe pain or requiring a rest. Tr. 1248. Moret reported

Plaintiff could not lift or carry a ten-pound object. Tr. 1249. She opined Plaintiff could not reach his arms or manipulate objects with his hands. *Id.* Lastly, Moret stated Plaintiff would be off task for over 25% of the time or more during a typical workday and would miss over four workdays a month due to his limitations. Tr. 1250.

The ALJ found Moret's opinion unpersuasive because it was unsupported and inconsistent with the record. Tr. 20. The ALJ reasonably concluded Moret's opinion was unsupported because she did not provide a rationale to support the limitations she opined. Tr. 20, *see* Tr. 1246-50. The ALJ further found the opinion unsupported because Moret did "not cite any objective findings in support of her opinion." Tr. 20. Regarding consistency, the ALJ found the extreme limitations opined by Moret inconsistent with the record due to Plaintiff's "only intermittent treatment and largely normal objective findings seen throughout the period at issue, including in the most recent treatment notes available." Tr. 20, citing Tr. 1589, 1593, 1597.

Because the ALJ applied the proper legal standards and supported their decision with substantial evidence, the ALJ did not err in finding Moret's opinion unpersuasive. "[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

**(D)** ***Laurie Otte, MSN, FNP.*** On April 23, 2024, Otte completed a treating source statement addressing Plaintiff's impairments and limitations in a hypothetical workplace setting. Tr. 1700-04. Otte diagnosed Plaintiff with anxiety, back pain, depression, fatigue, insomnia, and nausea. Tr. 1700. Otte opined Plaintiff could sit for a maximum of twenty minutes at a time, and for a total of four hours in a typical eight-hour workday. Tr. 1702. She stated Plaintiff would need fifteen-minute-long breaks, every two hours, during an eight-hour workday due to stiffness, muscle pain, and neuropathy. Tr. 1703. Otte reported Plaintiff would be off task for over 25% of

the time during a typical workday. Tr. 1704. She also wrote Plaintiff would miss over four days of work per month due to "back pain, neuropathy, [and] stiffness." Tr. 1704. The ALJ found Otte's opinion unpersuasive because it was unsupported and inconsistent with the record. Tr. 21.

Regarding supportability, the ALJ found Otte's opinion unsupported because "[l]ittle explanation or support [wa]s given for such significant[] limitations." Tr. 21. Regarding consistency, the ALJ found Otte's opinion inconsistent with the "good relief that the claimant obtains from hydrocodone" and Plaintiff's "largely normal examination findings." Tr. 21, citing Tr. 1575, 1581, 1589, 1593, 1597. The ALJ further concluded Otte's opinion was "markedly inconsistent" with the medical expert opinion provided by Dr. Kweli Amusa at Plaintiff's most recent hearing. Tr. 21. The ALJ's analysis was reasonable and they did not err.

Plaintiff argues the ALJ erred to rely on recent evidence of improvement with medication as a basis for finding Otte's opinion inconsistent with the record because that improvement did not reflect his functioning throughout the relevant dates. Pl. Br. at 16, citing *Smith.*, 14 F.4th at 113. As explained in the section above addressing the ALJ's analysis of the lay witness testimonies, Plaintiff's argument again improperly attempts to apply the higher "clear and convincing" legal standard required for discounting subjective symptom testimony to a different issue.

The ALJ did not err in finding Otte's opinion unpersuasive because the ALJ reasonably analyzed the consistency and supportability of Otte's opinion and supported that analysis with substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999).

**(E)** ***RFC.*** Plaintiff's final assignment of error is that the ALJ failed to account for all his limitations in his RFC. Pl. Br. at 10-14. He argues the ALJ failed to incorporate Dr. Amusa's opinion into Plaintiff's RFC despite finding Dr. Amusa's opinion persuasive. *Id.* Plaintiff is incorrect. *Compare* Tr. 43 *with* Tr. 17.

Plaintiff alleges the ALJ erred to limit Plaintiff to walking up to four hours a day despite finding persuasive Dr. Amusa's opinion that Plaintiff was limited to "basically a sedentary level." Pl. Br. at 10-14. Although plaintiff is correct that a position at the sedentary level would generally require "no more than about two hours" of standing or walking in an eight-hour workday, Dr. Amusa did not restrict Plaintiff to a strict sedentary level. SSR 83-10, 1983 WL 31251, at *5; *see* Tr. 43. Rather, Dr. Amusa testified:

> well, I would say it would be reasonable that the Claimant would be limited to basically a sedentary level. So, no lifting greater than ten pounds on occasional or less than ten frequently. The standing and walking would -- may be variable, anywhere from two to four hours in an eight-hour day and sitting for six.

Tr. 43.

The ALJ did not err to incorporate Dr. Amusa's opinion Plaintiff could stand and walk for "two to four hours in an eight-hour day" when they formed Plaintiff's RFC and concluded Plaintiff was limited to "less than light work" and could "stand and walk four hours a day." Tr. 43, 17. The RFC is the most activity claimant can still do on a sustained basis in a workplace setting despite their limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Because the RFC is the upper limit of a claimant's abilities despite their limitations, and Dr. Amusa testified Plaintiff could stand and walk between two and four hours in an eight-hour workday, the ALJ did not err in finding Dr. Amusa's opinion persuasive and incorporating the upper limit of his opinion into Plaintiff 's RFC. Tr. 43, 17.

"Substantial evidence 'is more than a mere scintilla,' and means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)) (ellipses omitted). In forming Plaintiff's RFC, the ALJ applied the proper legal standards and supported their conclusion with substantial evidence. Thus, the ALJ did not err in formulating Plaintiff's RFC.

**(F)** ***Remedy.*** Remand for further administrative proceedings is necessary. That is because the ALJ erred in evaluating Plaintiff's symptom testimony, and that error may have affected the remaining steps, including his RFC. Yet the ALJ did not err in evaluating the lay witness testimonies, medical opinions, or in incorporating Dr. Amusa's medical opinion into Plaintiff's RFC. Accordingly, outstanding issues must be resolved before a determination of disability can be made. *See Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (noting that remand for further proceedings is appropriate when consideration of the record casts serious doubt as to claimant's disability as defined by the Social Security Act). The errors here are not "inconsequential to the ultimate nondisability determination." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

On remand, the ALJ will reevaluate Plaintiff's testimony applying the correct legal standards. As warranted, the ALJ will reevaluate Plaintiff's RFC, obtain any supplemental vocational expert evidence, and conduct any other reasonable measures necessary. *See Garrison*, 759 F.3d at 1019 (holding remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding").

**ORDER**

For the reasons discussed above, the Commissioner's decision is REVERSED, and this case is REMANDED for further administrative proceedings.

It is so ORDERED and DATED this 20 day of October, 2026.

MARK D. CLARKE
United States Magistrate Judge